## APPENDIX

UNITED STATES, Appellee

v.

Staff Sergeant

CALVIN McKINNON,

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,

United States Army, Appellant

CM 448432

Headquarters VII Corps

J.E. Spiller,

Military Judge

UNITED STATES ARMY COURT OF MILITARY REVIEW

30 March 1987

For Appellant: Luther C. West, Esquire (argued); Captain Kevin T. Lonergan, JAGC (on brief).

For Appellee: Captain Patrick A. Hewitt, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC, Captain Erik M. Stumpfel, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before PAULEY, De GIULIO, and KENNETT, Appellate Military Judges.

### MEMORANDUM OPINION

PAULEY, Senior Judge:

Appellant was tried by a general court-martial on 6 May, 26 July, and 16, 17, 18, and 19 September 1985. This trial ended in a mistrial. On 23, 24, 25, 28 and 29 October 1985, appellant was again tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of wrongfully soliciting another to distribute hashish, wrongful possession and distribution of hashish, wrongful use of hashish, and wrongful possession of cocaine, in violation of Article

134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). The sentence of a bad-conduct discharge, confinement for three years, and reduction to the lowest enlisted grade was approved by the convening authority.

The appellant alleges that the military judge erred "by allowing a second trial to be held after a declaration of mistrial under R.C.M. 915(b) and the double jeopardy clause of the fifth amendment of the United States constitution." We disagree, finding, as did the trial judge,[1] that the mistrial declared in this case was not the product of deliberate prosecutorial misconduct and thus did not bar retrial under the double jeopardy clause of the fifth amendment. *See United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

We also find the remaining assignment of error to be without merit. The findings of guilty and the sentence are affirmed.

Judge De GIULIO and Judge KENNETT concur.

---

1. Although we agree that deliberate prosecutorial misconduct did not produce the mistrial, we cannot agree with all of the *ratio decidendi* apparently used by the military judge in arriving at his decision. In ruling for the government on the defense counsel's motion to bar a second trial, the military judge's findings of fact included the following:

> Your motion to dismiss for double jeopardy based upon intentional prosecution misconduct designed to obtain a mistrial is denied. It's my determination that the reasons that caused those questions to be asked that resulted in a declaration of a mistrial was the because [sic] *carelessness, arrogance, perhaps an inadequate foundation of education,* and also certain acts and patterns of disregard of judicial instructions; *additionally habits that may have been intentional disrespect, or negligent disrespect to me as the Judge in the case, both in court and out of court. In sum, not a proud presentation by a representative of the United States.* But they were not designed to obtain a mistrial....

(Emphasis supplied.)

We reluctantly find the need to speak, in *obiter dicta,* concerning these remarks of the trial judge. The record of the aborted first trial simply does not support his characterization of the trial counsel's performance. There is nothing in our reading of this lengthy record that demonstrates carelessness and certainly not arrogance. The trial counsel's demeanor and deportment, at least on the record, appeared at all times to be entirely appropriate. The only untoward conduct involved his failure, on occasion, to stand while addressing the bench. This lapse of judicial courtesy was justifiably corrected in a rather routine fashion by the trial judge with no hint of acrimony. The remark as concerns the trial counsel's adequacy of education was, of course, inappropriate to judicial proceedings. In sum, either the trial counsel was particularly adept at hiding his short-comings within the folds of the proverbial "cold" record of trial or the military judge is guilty of injudicious overreaction. Unfortunately, we conclude the latter to be more likely. We encourage the trial judge to fulfill his recognized role of correcting the behavior of counsel and perhaps commenting on their conduct whenever appropriate; however, we caution that animadversions on counsel's performance such as occurred in this case must be supported by matters contained in the record.